## Case No. 10,309.

### NORTH et al. v. The EAGLE et al.

[Bee, 78.] [1]

District Court, D. South Carolina. Jan. 9, 1796.

###### MARITIME LIENS—SUPPLIES TO FOREIGN VESSEL—SERVICE PERFORMED ON LAND—EFFECT OF NOTE OR BILL ON LIEN.

1. Supplies to a foreign vessel in a neutral port will constitute a lien on the vessel, and are recoverable in a court of admiralty.

[Cited in Zane v. The President, Case No. 18,-201; Phillips v. The Thomas Scattergood, Id. 11,106; Packard v. The Louisa, Id. 10,-652; Leland v. The Medora, Id. 8,237; The

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Thomas Bee, District Judge.]

Calisto, Id. 2,316; The Stephen Allen, Id. 13.361; The Jerusalem, Id. 7,294; Steele v. Thacher, Id. 13,348; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. (47 U. S.) 391.]

[2. Cited in Phillips v. The Thomas Scattergood, Case No. 11,106, to the point that where contracts are made between owners of a vessel and carpenters and others to perform service on land or within the body of a county the admiralty has no jurisdiction.]

[3. Cited in Leland v. The Medora, Case No. 8,237, to the point that a note or bill of exchange taken of an owner or master will not be a discharge of a lien.]

This is a suit instituted against both vessel and captain to recover the amount of sundry necessary articles of shipchandlery, supplied by the actors for the use of this brig, at the request of the captain. It is contended, on the part of the majority of the owners, that the vessel should not be liable, because, at the time they purchased their shares, the captain [Caesar Peronne] engaged to pay all outfits and expenses. They allege also that the captain drew an order on Lefevre, one of the owners, for the amount of North and Vesey's account, who, thereupon, gave a receipt for the same, and so effectually released the vessel from any lien they might otherwise have had. It appears, however, that the receipt given by the actors was conditional, viz. that when the order should be paid, this receipt should be in full.

This is a very clear case. The law, as laid down in Cowper, 639, is indisputable: that whoever supplies a vessel with necessaries has a treble security, the person of the master, the vessel itself, and the owners thereof, whether the supplies be furnished with their knowledge, or not. Although all the owners in this instance are here, yet this is the case of a foreign vessel in a neutral port, and the law applies accordingly. The captain might have hypothecated the vessel by deed, for payment of this demand; and the owners would have been without remedy. The actors and the captain agree that the supplies were furnished on the credit of the vessel. The lien had attached, and the conditional receipt did not at all impair it.

This case differs materially from those where contracts are made between owners of a vessel with carpenters and others to perform a service on land, or within the body of a county; in these instances, the admiralty has no jurisdiction. Here Peronne, the captain, was a stranger, and none of the other owners appeared, till the supplies were furnished. Indeed, by their account the captain had engaged to furnish them. The actors would not have furnished these articles upon any other than the security of the vessel. It is true that they might have proceeded against the owners or captain at common law; but they have chosen rather to impound the vessel in this court; and I am clearly of opinion that their libel must be sustained, and their demand be paid out of the proceeds of the brig, which has been sold, pendente lite, by consent. They must also have their costs of suit.